IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

UNITED STATES OF AMERICA       *
                               *
v.                             *       CR 322-009
                               *
GLADYS HARUN                   *

O R D E R

Defendant Gladys Harun has appealed the denial of bond pending trial of the case. Defendant has been charged with one count of wire fraud, in violation of 18 U.S.C. § 1343, in connection with an application to obtain a loan through the Paycheck Protection Program ("PPP").[1]

On July 8, 2022, the United States Magistrate Judge conducted a detention hearing. At the conclusion, the Magistrate Judge granted the Government's oral motion for detention. A written Order would follow on July 21, 2022. (Doc. No. 22.) Thereafter, Defendant appealed the Detention Order to this Court. In her appeal, Defendant does not necessarily dispute the findings of fact of the Magistrate Judge. Rather, Defendant challenges the

---

[1] Specifically, Defendant is charged with filing a PPP loan application which fraudulently represented that her business averaged $199,965 in monthly payroll. Defendant submitted altered and false IRS Forms and other records in support. Ultimately, $300,000 was deposited into a Georgia bank account controlled by Defendant. (See Indictment, Doc. No. 1.)

"unsavory" inferences drawn from those facts, stating that the Magistrate Judge went to "exorbitant measures to justify detention" of Defendant. (Appeal, Doc. No. 21, at 6.) Defendant contends that the Magistrate Judge's findings of fact are insufficient to warrant detention under the applicable standards. Defendant further contends that if viewed objectively and practically, Defendant's circumstances would not meet the criteria for detention.

The Court has reviewed the Detention Order, Defendant's objections and the Government's response, the partial transcript and evidence from the detention hearing as well as other documents of record.  The Court sets forth here the salient facts as revealed from these sources.

Defendant was born and raised in Kenya. She came to the United States in 2005 and was naturalized in 2011; she retains a dual citizenship.  She has six siblings and a father in Kenya, she visits on a yearly basis, and she sends money to Kenya.

Since January 2016, she has worked for Jackson Hewitt Tax Service as a franchise owner; she now owns 12 Jackson Hewitt locations. On May 22, 2022, agents with the IRS and Secret Service interviewed Defendant at her workplace, at which time she was served with a letter from the United States Attorney's Office advising her that she was a target of federal grand jury investigation into various fraud related crimes.  The interview

2

concluded at approximately 2:15 p.m. Nearly two hours later, Defendant withdrew $100,000 in cash from her bank account at Truist Bank.

On May 17 and May 20, 2022, Defendant sent a text message to a witness that at the very least may be construed as coercive. (See Det. Hrg. Ex. 12, Doc. No. 24.) In any event, the witness was concerned enough to alert law enforcement.

On June 27, 2022, Defendant and her attorney attended a proffer with agents and the U.S. Attorney's Office. Defendant vacillated in her testimony about her various PPP applications. At the conclusion of the proffer, the U.S. Attorney's Office informed Defendant that she was likely to be charged. According to Plaintiff's own testimony, she and her attorney then discussed the fact that she must notify her attorney and the U.S. Attorney's Office prior to traveling. (Det. Hrg. Tr., Doc. No. 24, at 13.) Yet, Defendant did not disclose that only five days earlier, her divorce attorney notified the state court and Defendant's husband's counsel that Defendant would not be able to attend a hearing on July 29, 2022 because she would be out of the country from July 6 to August 6.

Upon a probable cause determination that she had committed federal crimes, Defendant was arrested on July 5, 2022. The United States Probation Office interviewed her on July 6, 2022. At that time, Defendant reported that she had no history of mental health

3

treatment.  (See Doc. No. 10.)  Yet, less than three months earlier, she had filed an affidavit in a civil case in the Middle District of Georgia from Dr. Thomas Sachy, who stated that Defendant had been treated as a psychiatric patient by him since January 2016, had received continuous psychiatric care since 2014, and had been diagnosed with two psychiatric disorders.  (Det. Hrg., Ex. 13.)  The Probation Office also reported Defendant's monthly income as $66,667, derived from Defendant's report that her income is $800,000 a year.  (Doc. No. 10.)  When asked about her income, Defendant claimed that she did not remember discussing monthly income with the Probation Officer, only her annual *business* income. (Det. Hrg. Tr. at 30.)

The Government also offered a motion requesting the appointment of counsel filed by Defendant in the Middle District of Georgia in a civil case on September 10, 2021.  (Det. Hrg. Ex. 13.)  In the motion, Defendant swore that she had no money to hire an attorney and that she was presently unemployed because she suffered a psychological illness and was unable to work.  (Id.) Yet, less than three months earlier, Defendant obtained a PPP loan of $299,919 by representing that she was the sole owner of business with more than 20 employees and more than $119,000 on average monthly payroll.  In fact, Defendant testified at her detention hearing:  "But by the grace of God, in 2020 and 2021, my business had grown, so I had many employees."  (Det. Hrg. Tr. at 20.)

4

Defendant attempted to justify the inconsistency by claiming that her work is seasonal. (Id. at 32-33.)

Finally, in a civil action filed by Defendant in this District, she filed an application to proceed *in forma pauperis* on December 2, 2019, in which she states that she had no income during the prior twelve months and had not worked for four years. Chege v. Ga. Dep't of Juvenile Justice, Case No. 3:18-CV-51, Doc. No. 25 (S.D. Ga. Jul. 6, 2018). Yet, these statements are directly contradicted by her sworn statements to the Probation Office that she had been gainfully employed during this same time period, by a loan application to Wells Fargo representing that she paid $18,413 in average monthly payroll for a period covering 2019, and by a loan application to Truist Bank representing that she was an independent contractor who had $99,456 in gross income in 2019 and was paid $95,000 from Jackson Hewitt that year. Further, Defendant testified that she bought a home in Byron, Georgia in 2019 and was current on her mortgage. (Det. Hrg. Tr. at 9-10.)

The Court reviews a Magistrate Judge's detention or release order *de novo*. United States v. King, 849 F.2d 485, 489-91 (11th Cir. 1988). The Bail Reform Act provides that a defendant may be detained pending trial only if a "judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). This rule

implies a presumption in favor of release in many cases including this one. To overcome this presumption, the Government must prove dangerousness by clear and convincing evidence and court appearance by a preponderance of the evidence. United States v. Quartermaine, 913 F.2d 910, 917 (11th Cir. 1990).

The Magistrate Judge correctly identified the following factors that must be considered in determining whether detention is warranted: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. (See Order of Detention at 7 (citing 18 U.S.C. § 3142(g)(1)-(4)).) In reviewing this case *de novo*, the Court reaches the same conclusions of the Magistrate Judge and therefore affirms his decision to detain Defendant pending trial.

In particular, while the first factor – the nature and circumstances of the offense charged – weighs against detention, the remaining factors decidedly weigh in favor of detention. With respect to the weight of evidence, the Magistrate Judge heard testimony of two investigative federal agents who outlined not only the offense ultimately charged,[2] but discussed several other PPP applications with differing and fraudulent information about

---

[2] The grand jury did not indict the case until July 13, 2022.

the number of employees and the monthly payroll of Defendant's business. The agents also explained that when Defendant was asked to provide supporting documentation through a grand jury subpoena, she was unable to do so. There was also evidence that Defendant had submitted PPP loan applications in the name of other individuals.[3] The Court has little trouble counting this factor against Defendant, and Defendant does not seriously dispute this.

The Court now turns to the history and characteristics of Defendant. While her appeal focuses on Defendant's background in terms of her familial and residential ties to the community, her work history, her six minor children,[4] and her lack of criminal record, her deceitful character is readily revealed by the evidence and her own testimony. With this in mind, the Court has no confidence that Defendant will not flee based on her substantial and continuing ties to Kenya, her withdrawal of $100,000 two hours

---

[3] The Government discusses in brief the allegations of the Secret Service that Defendant received approximately $137,500 in grants and loans under the Economic Injury Disaster Loan ("EIDL") program. One allegation states that an application for an EIDL loan was in the name of a person who had died the day before the application was created and submitted. Because the Magistrate Judge did not rely in any way on the EIDL allegations, the Court does not consider them either.

[4] The detention hearing transcript reveals that Defendant told the Court she had no family in America at her initial appearance. When asked about this statement, Defendant qualified that she does not have "immediate family" in America. (Det. Hrg. Tr. at 14.) A husband, albeit estranged, and six minor children are immediate family.

after she learned she was the target of a federal investigation, and the non-disclosure of her plan to travel to Kenya in July. Thus, evidence of Defendant's character weighs in favor of a finding that she is more likely than not to flee. Further, given her resources and foreign ties, the Court cannot fashion conditions that will reasonably assure her appearance.

Finally, Defendant takes great issue with the Magistrate Judge's determination that she is a threat to the community, contending that his conclusion eviscerates the applicable legal standard because anyone charged with a financial crime who has access to a computer and interacts with the community would be detained. The Court, however, will not as readily discount the harm that someone with Defendant's apparent aptitude for deceit, access to personal identify information of potentially hundreds of people, and desperation (as already demonstrated with the withdrawal of $100,000 and undisclosed trip) could cause.[5] Add to this equation the apparent attempt to coerce or intimidate a witness, and the Court concludes that there is clear and convincing evidence that Defendant is a danger to the community.

In short, Defendant's appeal seemingly contends that the Magistrate Judge had a result-oriented approach to his analysis.

---

[5] As aptly noted by the Magistrate Judge, Defendant owns 12 franchise tax businesses so "there is significant opportunity there for financial fraud to occur." (Det. Hrg. Tr. at 36.)

8

The Court disagrees and in fact concludes that any thoughtful and reasonable analysis of the evidence results in an order of detention.

Accordingly, after a *de novo* review of the case, the Court **AFFIRMS** the Magistrate Judge's Order of Detention entered on July 21, 2022. Defendant Gladys Harun shall be detained pending trial or some other resolution of the charges against her.

**ORDER ENTERED** at Augusta, Georgia, this 18th day of August, 2022.

_____
UNITED STATES DISTRICT JUDGE